IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Nathan Warren Albert, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> The State of South Carolina; ) <br> Attorney General Alan Wilson; ) <br> The Thirteenth Judicial Circuit, ) <br> ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:15-1896-GRA-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff is a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina. In this civil rights action, the plaintiff has brought suit against the State of South Carolina, the Attorney General of the State of South Carolina, and the Thirteenth Judicial Circuit. On page 2 of the complaint, the plaintiff states that he is "Begg[ing] for a writ of mandamus for a Speedy Trial" (doc. 1 at 2). In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges:

> I requested a Speedy Trial in November 2014 to my attorney Sarah Henry. Nothing was done so I fired her and requested the courts for a Speedy Trial in April 2015. The State has not provided me a Speedy Trial, within the Federal mandates of 70 days. I need assistance from the higher courts.

(Doc. 1 at 3). In his prayer for relief, the plaintiff writes: "I request that the court grant me relief and provide me with a Speedy Trial or Dismiss the charges" (*id*. at 4).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se*

litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Public Index for the Greenville County Clerk of Court website (http://www.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx, last visited on May 7, 2015) indicates that the plaintiff is a pre-trial detainee facing charges of distribution of methamphetamine, second offense (No. 2014-GS-23-10490), shoplifting (No. 2014-GS-23-8553), and possession of controlled substance (No. 2014-GS-23-8554).  The Greenville County Detention Center public-access website (https://app.greenvillecounty.org/inmate_search.htm, last visited on May 7, 2015) reveals that a cash bond or surety bond of $25,000 had been set in on the methamphetamine charge, but the plaintiff has not "made" bond.  This court may take judicial notice of the state court proceedings.  See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989).  In *Cinema Blue*, the United States Court of Appeals for the

Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  887 F.2d at 52.  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this federal court from enjoining such proceedings.

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002); *and Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

The Attorney General of South Carolina, Alan Wilson, has Eleventh Amendment for actions taken in his official capacity.  *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010) (citing *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995)).

The "Thirteen Judicial Circuit" is a geographical area in South Carolina, and is not a "person" subject to suit under Section 1983.  *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008).  If, however, the plaintiff intended "Thirteenth Judicial Circuit" to mean either the Circuit Court for the Thirteenth Judicial Circuit or the Solicitor for the Thirteenth Judicial Circuit, the Circuit Court for the Thirteenth Judicial Circuit and the Solicitor's Office for the Thirteenth Judicial Circuit are both subject to summary dismissal because they are entities of the government of the State of South Carolina.  *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989); S.C. Const. Article V, § 24; and S.C. Code Ann.

§ 1-7-310. Prosecutors, such as Thirteenth Circuit Solicitor Wilkins or any Assistant Solicitors, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–75 (1993); *Burns v. Reed*, 500 U.S. 478, 490–92 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000). Furthermore, prosecutorial immunity will extend to any appeal or post-conviction case. *Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001).

This court cannot issue a writ of mandamus to direct the Circuit Court (Court of General Sessions) for Greenville County to give the plaintiff a speedy trial. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969) (federal district court does not have jurisdiction to issue writ of mandamus against state court or state officials). Moreover, the federal Speedy Trial Act, 18 U.S.C. § 3116 *et seq.*, applies to criminal prosecutions brought by the United States and is not applicable to prosecutions by a State. *See Plummer v. Myers*, Civil Action No. 8:10-0845-TLW-BHH, 2010 WL 2026684, at *3 (D.S.C. Apr. 12, 2010) (collecting cases), *adopted by* 2010 WL 2026669 (D.S.C. May 20, 2010).

This court cannot direct the Court of General Sessions to dismiss the plaintiff's pending criminal charges. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d at 587–88; *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

May 11, 2015
Greenville, South Carolina

Kevin F. McDonald
United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).