UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Nathan Warren Albert, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>The State of South Carolina; )<br>Attorney General Alan Wilson; )<br>The Thirteenth Judicial Circuit, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 6:15-cv-1896-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, and filed on May 11, 2015. ECF No. 11.

Plaintiff Nathan Warren Albert ("Plaintiff"), a pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on May 7, 2015. ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis*. ECF No. 9. Under established procedure in this judicial district, Magistrate Judge McDonald made a thorough and careful review of the Complaint and now recommends that this Court summarily dismiss this case without prejudice and without service of process. ECF No. 11. For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation in its entirety and summarily dismisses this case without prejudice and without service of process.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (unpublished per curiam decision).  In the present case, Plaintiff received a copy of the Report and Recommendation, which contained a "Notice of Right to File Objections to Report and Recommendation."  ECF No. 11.  The Notice warned that "[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such

Recommendation." *Id.* The deadline for filing objections was May 29, 2015. *See id.* Plaintiff did not file any objections to the Magistrate Judge's Report and Recommendation.

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is SUMMARILY DISMISSED WITHOUT PREJUDICE AND WITHOUT SERVICE OF PROCESS.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June 4, 2015
Anderson, South Carolina